Danny SHORTT, Appellant,

v.

WAL–MART ASSOCIATES, INC., and
Missouri Division of Employment
Security, Respondents.

No. SD 31426.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 18, 2012.

Motion for Rehearing or Transfer
Denied Feb. 14, 2012.

Jonathan D. McDowell, Kansas City, MO, for Appellant.

Larry R. Ruhmann, Jefferson City, for Respondent Div. of Employment Security.

DANIEL E. SCOTT, Judge.

Danny Shortt ("Claimant") worked in a Wal–Mart electronics department. His duties included customer assistance and operating a cash register. Company policy prohibited use of store telephones for personal calls and use of cell phones while on duty. Store phones were labeled not for personal use.

Shortt, who had been instructed on and knew the policy, violated it in August 2010 by texting on duty. He was then warned that another violation could result in discharge. Five weeks later, however, shoppers complained to management that Shortt ignored them while he carried on a personal call from a store phone. Shortt admitted that he made the call and knew it was a violation. He was discharged.

Shortt filed for unemployment benefits. A deputy determined that he was disqualified because he was discharged for work-related misconduct. *See* §§ 288.030.1(23) & 288.050.2.[1] After a hearing, an appeals

---

1. Statutory citations are to the Missouri Em-     ployment Security Law, RSMo chapter 288,

tribunal agreed with the deputy. The Labor and Industrial Relations Commission unanimously affirmed and adopted the appeals tribunal's decision.

Shortt appeals, challenging the finding of misconduct, which § 288.030.1(23) defines as:

> an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

## Principles of Review

■ We consider the appeals tribunal's decision, in this circumstance, as that of the Commission. *See Scrivener Oil Co. v. Div. of Employment Sec.,* 184 S.W.3d 635, 638 (Mo.App.2006). We defer to its credibility determinations and weighing of evidence, and are bound by its factual findings if they are supported by competent and substantial evidence of record. *Freeman v. Gary Glass & Mirror, L.L.C.,* 276 S.W.3d 388, 391 (Mo.App.2009). However, whether Shortt's actions constituted misconduct is a legal issue that we determine *de novo. Id.*

## Analysis

■ Shortt ignores Rule 84.04 in framing his points, then compounds the problem with arguments that miss the appropriate inquiries on appeal. In essence, Shortt cites certain types of misconduct and urges that *those* were not proved. At the risk of speaking inartfully, it does not

matter if Shortt finds one or more categories of misconduct that his actions do *not* fit, so long as (1) the record supports the Commission's findings, and (2) those findings fall within the statutory definition of misconduct, both of which are true here.

The record supports all of the facts outlined at the beginning of this opinion. Shortt admitted that he knew the policy, his prior violation, that he was warned of possible discharge if he violated the policy again, that he violated the policy again, and that he did so knowingly.

The Commission noted an employer's right to expect employees to do the employer's business while on the clock, an employer's reasonable expectation that its policies and procedures will be followed, Shortt's knowledge of his employer's expectations, and that Shortt consciously acted contrary to company policy to the detriment of customer relations. Shortt seemingly disputes none of these and evidence supports them all.

The record thus shows *at least* Shortt's "willful disregard of the employer's interest" *and* "a deliberate violation of the employer's rules" *and* "a disregard of standards of behavior which the employer has the right to expect," any *one* of which was misconduct in this context per § 288.030.1(23).

Shortt repeatedly characterizes his actions as "poor judgment" or "a stupid mistake" and argues that such failings do not rise to the level of misconduct. It is more accurate here, however, to say that § 288.030.1(23) misconduct requires proof that Shortt willfully violated company policy and that " '[his] actions were not *simply* the result of poor workmanship, lack of judgment, or an inability to do the job.' " *Rush v. Kimco Corp.,* 338 S.W.3d 407, 411 (Mo.App.2011) (quoting *Hoover v. Commu-*

as amended through 2006. Rule references are to Missouri Court Rules (2011).

*nity Blood Center*, 153 S.W.3d 9, 13 (Mo. App.2005))(our emphasis). This standard offers Shortt no relief because his violation was willful, not "simply" poor judgment, since he was "aware of the requirement and knowingly or consciously violate[d] it." *McClelland v. Hogan Pers., LLC*, 116 S.W.3d 660, 666 (Mo.App.2003). *See also Murphy v. Aaron's Automotive Products*, 232 S.W.3d 616, 621 (Mo.App.2007).

## Conclusion

Shortt's points and arguments afford no basis for relief. Competent and substantial evidence supports the Commission's determination that Shortt was discharged for work-related misconduct. We deny Shortt's motion for attorney fees and expenses, taken with the case, and affirm the Commission's decision.

FRANCIS, P.J., and BATES, J., concur.